# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

**No. 20-5181**

**September Term, 2021**

FILED ON: OCTOBER 12, 2021

EUGENE HUDSON, JR.,
        APPELLANT

v.

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *ET AL.*,
        APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-02738)

———

Before: KATSAS and RAO, *Circuit Judges*, and SILBERMAN, *Senior Circuit Judge*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the following reasons, it is

**ORDERED AND ADJUDGED** that the judgment of the district court be **AFFIRMED.**

This appeal turns on whether the Civil Service Reform Act precludes various labor statutes and other causes of action brought by Appellant. Eugene Hudson, Jr. sued the American Federation of Government Employees, a national union, and its local branch. Hudson alleged that the local branch, with the blessing of the national union, pretextually struck him from its membership rolls to prevent him from running as a union official against certain incumbents. Hudson brought statutory claims under the Labor Management Relations Disclosure Act, the Labor Management Relations Act, Title VII, and 42 U.S.C. § 1981 along with various common law claims. The district court dismissed the case for lack of jurisdiction, holding that the Civil Service Reform Act, which created an elaborate administrative framework to manage public-sector union disputes, precluded all of Hudson's claims. We affirm.

Hudson argued before the district court that the Civil Service Reform Act did not apply to him because he was a retired federal employee. Before the district court, Hudson cited a letter he received from the Federal Labor Relations Authority that stated that Hudson was not covered by the Civil Service Reform Act because he was no longer employed by the federal government. Dkt. 65 at 2-3, 7; Dkt. 66 at 3, 7. Then, Hudson argued that the Civil Service Reform Act did not apply to him because he "is not employed by an agency and his employment ceased due to retirement." Dkt. 65 at 7; Dkt. 66 at 7. Responding to those arguments, the district court concluded that the Civil Service Reform Act did in fact apply to retired federal employees like Hudson. *Hudson v. Am. Fed'n of Gov't Emps.*, No. CV 19-2738 (JEB), 2020 WL 3035039, at *6 (D.D.C. June 5, 2020).

Now, Hudson seeks to bring an entirely new argument as to why the Civil Service Reform Act does not apply to him—that he is "*not* a retired federal employee" but "a retired *private* sector employee." App. Br. at 1. We do not entertain "an argument not made in the lower tribunal . . . absent 'exceptional circumstances.'" *Flynn v. Comm'r*, 269 F.3d 1064, 1068–69 (D.C. Cir. 2001) (internal citation omitted). Exceptional circumstances include "cases involving uncertainty in the law; novel, important, and recurring questions of federal law; intervening change in the law; and extraordinary situations with the potential for miscarriages of justice." *Id.* Hudson has not claimed that there are exceptional circumstances warranting departure from our ordinary forfeiture rule. Hudson makes clear that this new argument is his only argument before us. App. Br. at 1. ("This appeal is here because of a single, erroneous factual finding by the district court: that Eugene Hudson, Jr., is a 'retired federal employee.'").

As Hudson rests his entire appeal on a new argument and this new argument is forfeited, we affirm.

\* \* \*

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

## **Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
       Daniel J. Reidy
       Deputy Clerk